To play at any game is no crime at common law, even to play for money; therefore there can be no offence unless it be attended with such circumstances as would in themselves amount to a riot, or a nuisance, or to actual breach of the peace without the playing. 4 Bl. Comm. 171. All the penalties under the English law are statutory. If it were unlawful to play for money, no recovery for money won could be had at common law, yet such actions may be sustained, and the defendant even holden to bail. 2 Bac. Abr. 619, "Gaming," A; 11 Coke, 87b. And the statutes of England only prohibited playing to a certain amount. The act of Virginia of the 8th of December, 1792. § 5, p. 175, which creates the offence, declares how it shall be punished, viz. by fine of 20 dollars upon conviction before a justice of the peace.

Mr. Jones, for United States, admitted that he had no precedent for the indictment in all its parts, but contended that it is good as an indictment as a nuisance. It is sufficient to charge it to be to the nuisance of the citizens of the county of Alexandria. It is not necessary that it should be charged as a nuisance to all the citizens of the United States. He admitted that gaming is not per se indictable at common law. The Virginia law shows that gaming is a pernicious vice and a public evil. Every kind of public gaming is therefore unlawful; every unlawful act is not an indictable offence, but every unlawful act done in a public manner and tending to corrupt the general morals of the community is a misdemeanor at common law. He admitted that private vices are not punishable at common law. But public lewdness, bawdy-houses, eaves-droppers, communis rixatrix, and the like, are indictable misdemeanors. Gaming in England is lawful, yet the keeping of a common gaming-house is indictable at common law, because it is injurious to society. The statute of Virginia punishes all gaming at a public place, but does not describe particularly the offence charged in this indictment. The punishment ought to be proportioned to the offence. but the statute punishes all alike by a fine of 20 dollars. If the statute declares a punishment of a common-law offence. and contains no negative words. you may still indict and punish at common law. It has been so decided in this court.

THE COURT stopped the counsel on the other side who were about to reply, being of opinion that the indictment is not good at common law. The statute has created the offence and the punishment.

FITZHUGH, Circuit Judge, contrà.

---

## Case No. 16,729.

### UNITED STATES v. WILSON.

[Cited in U. S. v. Sprague, 48 Fed. 828. Nowhere reported; opinion not on file in clerk's office, with case.]

---

## Case No. 16,730.

### UNITED STATES v. WILSON et al.

[Baldw. 78.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

CRIMINAL LAW—JOINT INDICTMENT — SEPARATE TRIALS—CHALLENGE OF JURORS—COMPETENCY OF WITNESSES — ADMISSIONS — ACCOMPLICES — ROBBERY — FORMER JEOPARDY — DANGEROUS WEAPONS—MAIL CARRIERS—PROVINCE OF JURY —INDICTMENT.

1. On a joint indictment it is not a matter of right to have the defendants tried separately, but it is discretionary with the court.

[Cited in Hawkins v. State. 9 Ala. 137; Jackson v. State, 104 Ala. 3, 16 South. 524; Maton v. People. 15 Ill. 539. Cited in brief in Com. v. James, 99 Mass. 439. Cited in State v. Doolittle, 58 N. H. 92.]

2. The United States may challenge a juror in the first instance peremptorily, till the panel is exhausted. after which they can only challenge for cause.

[Cited in U. S. v. Douglass, Case No. 14,989.]

3. It is a good cause of challenge that the juror has conscientious scruples about finding a verdict which may lead to capital punishment.

[Cited in Gates v. People. 14 Ill. 435; Gross v. State, 2 Ind. 330; State v. Greer, 22 W. Va. 809.]

4. If a juror is wrongly named on the panel he cannot be sworn.

5. Where there are separate trials on a joint indictment, it is no cause of challenge that a juror was sworn on the first trial and found a verdict of guilty, though it is good cause to submit his indifference to triers.

6. On a challenge for favour, without cause assigned, it will not be submitted to triers.

7. It is good cause for challenge if a juror does not stand indifferent on account of bias. prejudice, having made up his mind, or expressed an opinion touching the prisoner's guilt or innocence.

[Cited in Logan v. U. S., 144 U. S. 298, 12 Sup. Ct. 628.]

[Cited in Com. v. Dorsey, 103 Mass. 415.]

8. It is no objection to the competency of a witness, that a reward has been offered to be paid on conviction of the prisoner, to which witness may be entitled.

9. The admissions of a prisoner, though they are not in writing or given in his words. are admissible; but the whole of a connected conversation on the subject must be given.

10. A pardon granted by a governor of a state, under its great seal. is evidence, per se, without any further proof.

11. The evidence of an accomplice cannot be corroborated by his statements at another time, unless it has been impeached.

[Cited in brief in U. S. v. Neverson, 1 Mackey, 160.]

12. The acts of a co-defendant are evidence to show the connection between him and the prisoner in the same offence.

13. After a witness has been once examined, it is in the discretion of the court to permit him to be examined again on new matter, but not a matter of right.

14. The word "rob" in the act of congress of 1825, § 22 [4 Stat. 121], is used in its common law sense.

[Cited in U. S. v. Coppersmith, 4 Fed. 200.]

---

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]